IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 31, 2010 Session

**RAY BELL CONSTRUCTION CO., INC. v. STATE OF TENNESSEE,
TENNESSEE DEPARTMENT OF TRANSPORTATION**

**Appeal from the Claims Commission
No. T20071215-1     William O. Shults, Commissioner**

**No. E2009-01803-COA-R3-CV - Filed November 24, 2010**

D. MICHAEL SWINEY, J., dissenting.

I respectfully dissent from the majority's decision to affirm the judgment of the Claims Commission. I believe the Claims Commission erred in finding a latent ambiguity in the contract, and as this was the purported basis for the Claims Commission's decision, I would reverse the decision of the Claims Commission and grant judgment to the Tennessee Department of Transportation.

I agree with most of the majority's Opinion, specifically as regarding the law as to what constitutes a latent ambiguity and when parol evidence can be admitted. My disagreement with the majority is that the contract here is crystal clear as to Ray Bell Construction Company, Inc.'s ("RBCC") claim to incentive payments, and there is no ambiguity, latent or otherwise, in the parties' contract. The underlying theme throughout the Claims Commission's decision is that it would be unfair to RBCC not to allow this incentive payment. Such a perceived "unfairness" is not a sufficient basis for the Claims Commission or this Court to rewrite the parties' contract.

As stated by the majority, Special Provision 108(B) of the parties' contract thoroughly addresses liquidated damages, incentive payments, and disincentive payments. As quoted in the majority's Opinion, Special Provision 108(B) reads as follows:

The project shall be completed in its entirety on or before December 15, 2006.

For each calendar day prior to December 15, 2006, that all work in the original contract has been completed and all lanes are opened to the free, safe and unrestricted passage of traffic, an incentive payment of ten thousand dollars ($10,000) per day shall be made to the contractor as an incentive. However, the maximum amount of incentive payments shall not exceed two million five hundred thousand dollars ($2,500,000).

For each day after December 15, 2006, that all work in the original contract is not completed, the sum of ten thousand dollars ($10,000) per day shall be deducted from monies due the Contractor as a disincentive. The amount of monies that may be deducted as a disincentive shall be unlimited except that the disincentive may be waived if the working time is extended in accordance with the Standard Specifications.

...The December 15, 2006, completion date may be extended in accordance with the Standard Specifications, however, no incentive payment will be made if work is not completed in its entirety by December 15, 2006.

Also of importance, as noted by the majority's Opinion, the parties' contract contains a specific precedence clause that provides that the Supplemental Specifications, such as Special Provision 108(B), control over the Standard Specifications. Therefore, there is no dispute but that a Supplemental Specification such as Special Provision 108(B) involved here controls over any Standard Specification.

I believe the dispositive language is the language from that portion of the Special Provision 108(B) that reads as follows:

The December 15, 2006, completion date may be extended in accordance with the Standard Specifications, however, no incentive payment will be made if work is not completed in its entirety by December 15, 2006.

I believe this language is clear and in no way contains any latent ambiguity. Rather, the language is crystal clear in its statement that even though the December 15, 2006,

completion date may be extended in accordance with the Standard Specifications, RBCC was to receive no incentive payments unless "the work is completed in its entirety by December 15, 2006." The extension of the December 15, 2006, completion date may well have protected RBCC from any disincentive payments under the contract as Special Provision 108(B) did not provide that even if the completion date was extended beyond December 15, 2006, disincentive payments still would be owed if the work was not completed by December 15, 2006. Making it even clearer, Special Provision 108(B) provides that disincentive payments are unlimited "except that the disincentive may be waived if the working time is extended in accordance with the Standard Specifications." There is no comparable language stating that the December 15, 2006 deadline for incentive payments may be waived if the working time is extended in accordance with the Standard Specifications. Special Provision 108(B) instead says RBCC will not receive any incentive payment if the work is not completed by December 15, 2006, even if the completion date is extended.

The very contract provision that creates incentive payments, Special Provision 108(B), is the very contract provision that says unequivocally that "no incentive payment will be made if work is not completed in its entirety by December 15, 2006", and this is so even if the December 15, 2006 completion date is extended.

As the contract is clear and there is no latent ambiguity, I believe it was error to allow any parol evidence. It is my opinion that the contract between these parties should have been enforced as written as it is not the duty of the Claims Commission or the courts to rewrite a contract that it believes to be either unfair or to contain provisions that were a result of an "oversight." While it might seem to us to be the equitable thing to do, our job is to enforce the clear contract as agreed between the parties.

It is my opinion there was no latent ambiguity, and it was, therefore, error to allow parol evidence. I, respectfully, believe that parol evidence was used not to explain a latent ambiguity but rather to create a latent ambiguity where none existed. I would reverse the Claims Commission.

_____
D. MICHAEL SWINEY, JUDGE